Jason M. Kerr (8222)
jasonkerr@ppktrial.com
David R. Parkinson (8258)
davidparkinson@ppktrial.com
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
Telephone: (801) 530-2900
Facsimile: (801) 530-2957

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| SIBU, LLC, a Utah limited liability company, | : | **COMPLAINT** |
| Plaintiff, | : | |
| v. | : | Case No. 2:11-cv-00477-DN |
| | : | |
| Bubbles, Inc., a Virginia corporation, | : | Magistrate Judge David Nuffer |
| Defendant. | : | |

Plaintiff Sibu, LLC ("Plaintiff" or "Sibu") sues Defendant Bubbles, Inc. ("Defendant") for declaratory relief and alleges as follows:

## NATURE OF ACTION

This is a civil action seeking a declaration from the Court concerning the parties' rights and obligations. Specifically, Plaintiff seeks a declaration it is not infringing any trademark or other right of the Defendant by its use of the marks "SIBU," "SIBU THE SEABUCKTHORN COMPANY," "sibu", and "SIBU Beauty" (the "SIBU Marks"). The Defendant alleges that the SIBU Marks are confusingly similar to its trademark CIBU. The Defendants further claim that they have suffered damage because consumers are confused by the alleged similarity between the SIBU Marks and the mark CIBU.

This matter is appropriate for declaratory judgment because the Defendant has claimed in official filings with the United States Federal Government and in communications with the Plaintiff that it has suffered and will continue to suffer damage as a result of Plaintiff's use of the SIBU Marks. The Plaintiff currently is spending significant sums marketing its products using the SIBU Marks. The parties require a judicial determination that the Plaintiff's use of the SIBU Marks in no way damages, harms, or infringes the rights of the Defendant. Such a ruling will prevent uncertainty regarding Plaintiff's and Defendant's marketing and brand investment.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1338.

2. The Court has personal jurisdiction over the Defendant under Utah's long-arm statute, UCA §§78B-3-201 and 78B-3-205, because the Defendant has transacted business within the state by selling goods within the state of Utah and advertising goods for sale within the State of Utah, all of which are marked with the trademarks, which are the subject and subject matter of this declaratory relief complaint.

3. Venue is proper in the Federal District Court of Utah, pursuant to 28 U.S.C.A. 1391(c).

## PARTIES

4. Sibu, LLC is a limited liability company organized and existing under the laws of the State of Utah, with is principal place of business in Salt Lake County, State of Utah.

5. Upon information and belief, Defendant Bubbles, Inc., is a Virginia corporation with a place of business in Vienna, Virginia.

## GENERAL ALLEGATIONS

6. On May 13, 2003, the Defendant filed in Class 3 for the trademark "CIBU," for goods and services limited to "hair care products, namely, shampoos, conditioners and styling preparations." CIBU Trademark Registration Number 2851650, filed September 24, 2002. A true and correct copy of CIBU trademark registration is attached as Exhibit 1.

7. Upon information and belief, the Defendant began marketing CIBU hair care products in May, 2003.

8. Upon information and belief, the Defendant initially limited its marketing of its CIBU hair care products in the state of Virginia.

9. Upon information and belief, Defendant initially limited its marketing and sales of its CIBU hair care products to salons and specialty stores.

10. Upon information and belief, Defendant only recently began marketing and selling is CIBU hair care products outside of Virginia.

11. Upon information and belief, Defendant only recently began selling its CIBU hair care products on the internet, where previously its marketing and sales had been limited to salons and specialty hair care shops in a limited geographical area.

12. Beginning in 2005, Plaintiff filed for the trademarks "SIBU THE SEABUCKTHORN COMPANY", "SIBU", and the design plus word mark "sibu" and obtained registered trademarks from the USPTO for each. Attached hereto as Exhibits 2, 3, and 4 are Registration No. 3538617, for the trademark "SIBU THE SEABUCKTHORN COMPANY", Registration No. 3628769, for the trademark "SIBU", Registration Serial No. 77764989, for the design plus word mark for "sibu."

13. Plaintiff also made application for the trademark "SIBU Beauty" on or about June 22, 2009, as Serial Number 77/764,968 in Class 3 for "liquid beauty cream, facial cleansing soap, moisturizing face cream, oil, shampoo, wrinkle cream," with date of first use being "at least as early as 03/01/2009."

14. Plaintiff began using all or some of the SIBU Marks to market and sell all natural hand, body and face lotions, beauty products, nutritional supplements, drinks and other products derived from the Seabuckthorn plant beginning in 2005.

15. Plaintiff has continuously used all or some of the SIBU marks since 2005.

16. Unlike the Defendant's CIBU hair care products, the Plaintiffs SIBU products were and are sold nation-wide in natural food channels and on the internet.

17. Since May 13, 2003, the CIBU trademark was used exclusively to market hair care products in salons and beauty supply stores.

18. In contrast, since March 10, 2005, the SIBU Marks have been used to market all-natural products containing seabuckthorn as an ingredient, products including supplements, juices, lotions and creams.

19. There is no similarity in trade channels between the SIBU Marks and the CIBU mark.

20. As used for their specific products and as described in their respective registrations, there is no similarity in goods and services between the SIBU Marks and the CIBU mark.

21. Purchasers of products marketed under the SIBU Marks are discriminating consumers looking for natural products and, specifically, products containing seabuckthorn as an ingredient.

22. Plaintiff is an industry leader in selling products containing seabuckthorn and the SIBU Marks have become well known and famous marks.

23. There is no actual consumer confusion between the SIBU Marks and the CIBU mark, and there is no likelihood of confusion between the SIBU Marks and the CIBU mark.

24. Any alleged similarity in sound and appearance between SIBU and CIBU is not enough to create confusion between a hair care product and natural products derived from the seabuckthorn plant, particularly considering the products are sold to different target consumers and through different channels.

25. Plaintiff has been using some or all of the SIBU Marks in commerce continuously since 2005 without objection from anyone.

26. On or about June 21, 2010, Defendant filed a petition with the USPTO to cancel all or some of the SIBU Marks, alleging that the Plaintiffs use of the SIBU Marks was causing consumer confusion.

27. If Defendant's allegations are correct, Plaintiffs may be liable for damages, subject to injunctive relief, or other remedies.

28. Although baseless, the Defendant's allegations have created significant uncertainty for Plaintiff and its marketing efforts.

29. The parties are adverse because Plaintiff and Defendant are in no way realted to one another.

30. Plaintiff has a legally protectable interest in disputing Defendant's allegations of trademark infringement.

31. The issues are ripe for adjudication because the Defendant has filed a petition to cancel the Plaintiff's trademarks that have been in use for many years, alleging that the SIBU

Marks are causing actual consumer confusion in the marketplace. Defendant's allegations, if true, would require significant alteration the current product packaging, labels, marketing materials, and branding materials for products bearing the SIBU Marks.

32. Plaintiff is entitled to a declaratory judgment that Plaintiff is not infringing Defendant's trademark or any other right because the SIBU Marks do not infringe any of Defendant's rights, there is no actual or potential consumer confusion between the SIBU Marks and the CIBU mark given differences in the types of products and channels in which they are sold, and the Defendants have suffered no damage as a result of the Plaintiff's use of the SIBU Marks.

## CAUSE OF ACTION

## DECLARATORY RELIEF

33. Plaintiffs re-allege the allegations of paragraph 1-36 as if set forth in full herein.

34. There is a justiciable controversy based upon an accrued set of facts because the Defendant alleges that the Plaintiff's use of the SIBU Marks infringe their marks, resulting in consumer confusion, and damage to the Defendant.

35. There is an actual conflict because the Plaintiff and Defendant dispute whether there is actual or potential consumer confusion between the SIBU Marks and the CIBU mark.

36. The parties are adverse because the Plaintiff and Defendant are in no way related to one another.

37. The Plaintiff has a legally protectable interest in protecting its valuable trademark rights in the SIBU Marks, the goodwill developed in said marks, and the significant investment in the SIBU brand.

38. The issues are ripe for adjudication because the Defendant has alleged all necessary elements of a claim for damages, injunctive, or other relief against the Plaintiff.

## PRAYER FOR RELIEF

1. For a declaratory judgment that Plaintiff is not infringing any trademark or rights of Defendant through the use of the marks "SIBU," "SIBU THE SEABUCKTHORN COMPANY," and "SIBU Beauty."

2. For a declaratory judgment that Plaintiff is not liable to Defendant for unfair competition or unfair business practices for using the marks "SIBU," "SIBU THE SEABUCKTHORN COMPANY," and "SIBU Beauty."

3. For a declaratory judgment that Plaintiff has no obligation to discontinue the use of the marks "SIBU," "SIBU THE SEABUCKTHORN COMPANY," or "SIBU Beauty."

4. For attorneys' fees, costs and expenses, as may be allowed by law.

5. For such other and further relief as the Court deems just, equitable and proper.

DATED this 26th day of May, 2011.

/s/ Jason M. Kerr
JASON M. KERR

Attorney for Plaintiff

Plaintiff's Address:

1098 East South Union Avenue
Midvale, UT 84047